S; IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE DELEON, | § § § | |
| *Plaintiff/Counter-Defendant* | § § § | 5-18-CV-00238-FB-RBF |
| vs. | § § | |
| SELECT PORTFOLIO SERVICING, INC., | § § § § | |
| *Defendant/Counter-Plaintiff and Third-Party Plaintiff* | § § § § § | |
| JOHN PELAYO | § § | |
| *Third-Party Defendant* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion for Summary Judgment, Dkt. No. 15, filed by Defendant/Counter-Plaintiff and Third-Party Plaintiff Select Portfolio Servicing. All pretrial matters in this case have been referred for disposition pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. Dkt. No. 4. The Court has diversity jurisdiction, *see* 28 U.S.C. § 1332, and the undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, Select Portfolio's Motion for Summary Judgment, Dkt. No. 15, should be **GRANTED,** and all claims asserted by Plaintiff Michelle DeLeon should be dismissed. The District Court should also issue an order authorizing foreclosure on the subject property, issue a writ of possession, and award Select Portfolio its reasonable attorneys' fees.

I.   **Factual and Procedural Background**

Plaintiff Michelle DeLeon initiated this action on February 6, 2018 in the 438th Judicial District Court in Bexar County, Texas. She did so to prevent the scheduled foreclosure of property located at 3046 Quakertown Drive in San Antonio, Texas. Dkt. No. 1-1 (Pl.'s Orig. Pet.). The property utilized a Texas Home Equity Note executed solely by DeLeon's ex-husband, Third Party Defendant John Pelayo, and payable to First Franklin Financial Corporation. A Deed of Trust signed by both DeLeon and Pelayo secured the Note. *See* Mot. at Appx. 8-36. The Note and Deed of Trust were later assigned to Wells Fargo Bank, National Association, Trustee for the CertificateHolders of First Franklin Mortgage Loan Trust 2004-FF6, Mortgage Pass-Through Certificates, Series 2004-FF6, and Defendant/Counter and Third Party-Plaintiff Select Portfolio Serving Inc. was appointed the servicer on the mortgage. *See id.* at 37-41.

By early 2016, Pelayo had defaulted on the mortgage. *See id.* at 45-48. Accordingly, on February 24, 2016, Select Portfolio sent Pelayo a letter entitled "Demand Letter-Notice of Default," which advised Pelayo of the following: (1) that he was currently in default; (2) how he could cure the default (a payment of $223,625.06 by March 25, 2016); and (3) the consequences for a failure to timely cure the default (acceleration of the debt and foreclosure). *See id.* Having failed to timely cure the default, Select Portfolio, by and through counsel, sent Pelayo a Notice of Acceleration on May 26, 2016. *See id.* at 50-51. The Notice of Acceleration explained that the Note had been accelerated, declared all sums owed on the Note immediately due and payable, and advised Pelayo that Select Portfolio was proceeding with the foreclosure. *See id.*

In August of 2017, Wells Fargo sought authorization, in the 73rd Judicial District of Bexar County, Texas, to foreclose on the property. *See id.* at 2-7. It received permission in November of 2017. *See id.* at 57-59.

Plaintiff DeLeon initiated this action a few months later. DeLeon's Original Petition alleges that the foreclosure sale is "unjust under the circumstances of this case in that Defendant has failed to act in good faith; it has noticed acceleration of Plaintiff's indebtedness against her said homestead and posted same for foreclosure sale, having failed to negotiate fairly and justly toward her fixing the extent of and curing any default." Pl's Orig. Pet. ¶ 6. DeLeon further alleges that Defendant Select Portfolio "has misled Plaintiff by encouraging her to apply for and accepting her application for modification of her note, then announcing her purported ineligibility for modification when it was too late in practicality for Plaintiff to cure her default before the foreclosure auction scheduled for February 6, 2018 could take place." *Id.* DeLeon concedes that Select Portfolio has an "ultimate right to foreclosure as a remedy but seeks to delay foreclosure proceedings pending determination of the parties' respective rights." *Id.* at ¶ 17. DeLeon seeks, ultimately, to enjoin Select Portfolio from proceeding with the foreclosure, and requests a full and complete accounting. On February 6, 2018, the Bexar County District Court granted DeLeon's request for a Temporary Restraining Order, setting the matter for a temporary injunction hearing on February 20, 2018. *See* Dkt. No. 1-1 at 2-3.

It's unclear from the record whether that temporary-injunction hearing occurred. According to Select Portfolio, DeLeon failed to serve it with a copy of the Temporary Restraining Order, as ordered by the Bexar County District Court. *See* Dkt. No. 1 ¶ 3.

On March 12, 2018, Select Portfolio removed this action to federal court, citing federal diversity jurisdiction. *See* Dkt. No. 1. According to the Notice of Removal, Select Portfolio is a Utah corporation with its principal place of business in Utah. DeLeon is a Texas citizen. *See id.* ¶¶ 10-11. As to the amount in controversy, DeLeon "avers affirmatively that she seeks less than $75,000.00 in combined relief" but at the same time also seeks injunctive relief. *See* Orig. Pet. ¶

16 & Prayer for Relief ¶ G. Accordingly, the amount-in-controversy is determined by the value of the property, which is currently $253,580. *See Farkas v. GMC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); Ex. B to Notice of Removal.

In September of 2018, Select Portfolio filed counterclaims against DeLeon and third-party claims against Pelayo to obtain an order authorizing foreclosure on the property, a writ of protection, and an award of reasonable attorneys' fees. *See* Dkt. Nos. 10 & 11.

Select Portfolio now moves for summary judgment on DeLeon's claims and also on its counterclaims and third-party claims against Pelayo. Dkt. No. 15. DeLeon has not responded to Select Portfolio's Motion. And despite being served with a copy of the Summons and Complaint, *see* Dkt. No. 14, Pelayo has failed to appear or otherwise defend against Select Portfolio's claims against him.

## II. Legal Standards

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. If, however, the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

This case is somewhat unusual in that Pelayo has failed to answer or otherwise defend against Select Portfolio's third-party claims. While Select Portfolio could have sought a default judgment based on Pelayo's non-responsiveness, it is also entitled to seek and obtain summary judgment, provided it otherwise meets its summary judgment burden.[1]

---

[1] *See, e.g.*, *Nationwide Mut. Fire Ins. Co. v. Mitchell By & Through Seymour*, 911 F. Supp. 230, 235 (S.D. Miss. 1995) (recognizing, in the context of a nonresponsive party to summary judgment proceedings, that the court can rule on the merits of summary judgment); *Allstate Prop. & Cas. Ins. Co. v. Kim*, No. 13-62157-CIV, 2014 WL 11706415, at *2 (S.D. Fla. Jun. 10, 2014) ("Typically in these circumstances, the plaintiff would move for default judgment. Here, however, Allstate has elected to move for summary judgment. There is nothing that precludes Allstate from moving for summary judgment, but it will only be entitled to summary judgment, as opposed to a Rule 55 default judgment, if it meets its substantive burden.") (citations omitted).

**III.   Analysis**

*Summary Judgment Should Be Granted on DeLeon's Claims*. DeLeon's Original Petition doesn't include any causes of action. Liberally construing her complaint, it appears DeLeon is alleging claims akin to ones for breach of the common law duty of good faith and fair dealing and breach of contract and/or promissory estoppel. No such claim is viable on the record presented here, and DeLeon is not otherwise entitled to the accounting she requests.

A claim resting on an alleged breach of the duty of good faith and fair dealing can't be proved on this record. Under the applicable "Texas law, a duty of good faith is implied only in contracts involving a special relationship marked by shared trust or an imbalance in bargaining power, which ordinarily does not include a mortgagor and mortgagee relationship." *Smith v. JPMorgan Chase Bank, N.A.*, 699 F. App'x 393, 395 (5th Cir. 2017) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990)); *see also Milton v. U.S. Bank Nat'l Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. 2013). There is no record evidence (or even an allegation) of a special relationship between DeLeon and Wells Fargo or its mortgage servicer Select Portfolio, including one derived from excessive lender control or influence on DeLeon's business activities. *Cf. Davis v. Ditech Fin. LLC*, No. 4:15-CV-3421, 2016 WL 6883210, at *3 (S.D. Tex. Aug. 15, 2016) (discussing the rare instances where a duty of good faith and fair dealing might exist between a borrower and lender). DeLeon is not even a signatory to the Note.

There is likewise no viable claim based on any right DeLeon might have to modify the terms of the loan agreements. "Absent a provision in the Deed of Trust, Texas courts consistently do not recognize a right to a loan modification." *Castro v. SN Servicing Corp*., No. SA:15-CV-925-DAE, 2016 WL 2587294, at *4 (W.D. Tex. May 4, 2016) (collecting authorities). No such provision is presented here. DeLeon doesn't argue that there is one, and a

review of the Deed of Trust doesn't appear to reveal one. No provision requires either Wells Fargo or Select Portfolio to modify the loan agreement. There is likewise no record of any agreement to modify the Deed of Trust after it was executed. An alleged oral modification wouldn't suffice. The loan exceeds $50,000, which means "there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds," *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256-57 (5th Cir. 2013). The record is devoid of any evidence of such a promise.

Select Portfolio is also entitled to summary judgment on DeLeon's request for an accounting. To start, "an accounting is generally an equitable remedy rather than an independent cause of action." *Vega v. CitiMortgage, Inc*., No. SA-14-CA-777-FB, 2014 WL 12493293, at *2 (W.D. Tex. Oct. 22, 2014). Regardless, an accounting is only appropriate when "the facts and accounts presented are so complex adequate relief may not be obtained at law" *i.e.*, where a plaintiff cannot "obtain the requested relief through the use of standard discovery procedures[.]" *Id.* DeLeon hasn't argued or otherwise shown that her request for accounting should be construed as an independent equitable cause of action, and there is no other reason to believe based on this record that an accounting would be appropriate.

For these reasons, a take-nothing summary judgment for Select Portfolio on all of DeLeon's claims is appropriate.

*Summary Judgment Should Be Granted on Select Portfolio's Counterclaims*. Select Portfolio also requests an order authorizing foreclosure on the property, a writ of possession, and reasonable attorneys fees awarded against DeLeon and Pelayo.

Select Portfolio has submitted evidence demonstrating that there is no genuine dispute as to any material fact relating to any element necessary to judicially foreclose on the property. The

summary judgment record contains: (1) a copy of the Texas Home Equity Note showing that a debt against Pelayo exists, *see* Ex. A to Mot. at Appx. 8-11; (2) a copy of the security instrument establishing a valid first lien on the property in accordance with Section 50(a)(6) of the Texas Constitution, *see id.* at 12-29; (3) proof that Pelayo was in default under the Note, *see id.* 2-7; and (4) evidence that Pelayo was properly served with a Notice of Default and Notice of Acceleration by certified mail and providing Pelayo at least 20 days to cure the default, *see id.* & 45-53. Neither Pelayo nor DeLeon has filed a response demonstrating a genuine factual dispute in connection with Select Portfolio's entitlement to foreclosure. Accordingly, Select Portfolio is entitled to judgment as a matter of law on its counterclaim for foreclosure. *See Christiana Trust v. Jacob*, No. 7:15-CV-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016) (citing Tex. Prop. Code § 51.002).

Select Portfolio also requests that the judgment include a writ of possession. A writ of possession is "a form of process employed to enforce a judgment to recover the possession of land by commanding the sheriff to enter on the land and give possession of it to the person entitled under the judgment." *Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 815 (5th Cir. 2018) (quotations omitted). Under Texas Rule of Civil Procedure 310, which governs the foreclosure process in this diversity action,[2] "a party seeking to foreclose on a property is entitled to a writ of possession once the court renders a judgment of foreclosure." *Bank of New York Mellon Tr. Co., Nat'l Ass'n v. Millard*, No. A-15-CA-01035-SS, 2017 WL 3446033, at *4 (W.D. Tex. Aug. 10, 2017) (quotations omitted). Having concluded Select Portfolio is entitled to a judgment of foreclosure, a writ of possession is also appropriate here.

---

[2] *See id.; see also* Fed. R. Civ. P. 64(a).

Finally, Select Portfolio requests an award of attorneys' fees. Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. *See In re Velazquez*, 660 F.3d 893, 895-96 (5th Cir. 2011). Although home equity loans such as the one at issue here are non-recourse loans, which preclude contractual mortgagor liability, a mortgagor may recover its attorneys' fees against the mortgaged property after a foreclosure sale. *See Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 741 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014). Here, the Deed of Trust provides that "[i]nso far as allowed by Section 50(a)(6), Article XVI of the Texas constitution, lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21 [acceleration and the power to foreclose], including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence." *See* Mot. at Appx. 24. Accordingly, Select Portfolio may by contract recover reasonable attorneys' fees incurred in connection with its counterclaim and third party claim to foreclose on the property. Select Portfolio should file a motion for fees not later than 14 days after entry of judgment pursuant to Federal Rule of Civil Procedure 54(d)(2) and Western District of Texas Local Rule CV-7(j). A request for attorneys' fees conditioned on the event of a subsequent appeal, however, is premature. Select Portfolio may apply for such fees if and when they are incurred. *See, e.g.*, *Kingvision Pay–Per–View, Ltd. v. Guerrero*, No. 3:08–CV–1970–G (BF), 2009 WL 1973285, at *5 (N.D. Tex. Jul. 7, 2009) (holding that a plaintiff may apply for a contingent award for post-trial services if and when such fees are incurred).

IV. **Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Defendant/Counter-Plaintiff and Third-Party-Plaintiff select Portfolio Servicing, Inc.'s Motion for Summary Judgment, Dkt. No. 15, be **GRANTED**. All claims asserted by Plaintiff Michelle DeLeon should be **DISMISSED**.

The District Court should authorize Select Portfolio Serving as servicing agent and attorney-in-fact for Wells Fargo Bank to foreclose its lien on the real property, which is the subject of this litigation. The judgment should include a write of possession, as well as an award of reasonable attorneys' fees provided Select Portfolio timely and properly moves for fees. *See* Fed. R. Civ. P. 54(d)(2), Local Rule CV-7(j). Finally, Select Portfolio should be awarded its reasonable costs if it timely files a bill of costs in the form required by the Clerk of the Court and supported by appropriate documentation. *See* Local Rule CV-54.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*,

474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 17th day of May, 2019.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE